UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMY DANIEL MANNING,<br><br>Petitioner,<br>v.<br><br>STATE OF WASHINGTON,<br><br>Respondent. | CASE NO. 2:25-cv-02237-DGE-BAT<br><br>ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 6) AND PETITIONER'S OBJECTIONS (DKT. NO. 7) |

## I    INTRODUCTION

Before the Court are Petitioner's objections (Dkt. No. 7) to the Report and Recommendation ("R&R") (Dkt. No. 6) of United States Magistrate Judge Brian A. Tsuchida, which recommends dismissing Petitioner's petition for writ of habeas corpus (Dkt. No. 4) and denying Petitioner's motion for assignment (Dkt. No. 5) as moot. For the reasons that follow, the Court ADOPTS the R&R in full.

- 1

## II       BACKGROUND

Petitioner has criminal charges pending in this District (Case No. 2:25-cr-00121-LK) and in King County Superior Court (Case No. 24-1-02939-3).  (Dkt. No. 6 at 1.)  He is currently detained at the Federal Detention Center in SeaTac, Washington.  (*Id.* at 1–2.)  There is no indication Petitioner is in the custody of the State of Washington.

Petitioner's 106-page habeas petition[1] seeks relief, among other things, on the following bases: (a) the State "knowingly filed a false affidavit"; (b) Petitioner's innocence of the state charges; (c) prosecutor misconduct, including that the State filed "fabricated evidence" to deceive a federal judge in Petitioner's federal case; (d) a biased investigation by the Seattle police; (e) the police knowingly destroyed exculpatory evidence; (f) the "denial of access to state courts" in violation of Petitioner's First Amendment rights; (g) the denial of Petitioner's speedy trial rights; and (h) "outrageous" government conduct that was "so grossly shocking and so outrageous as to violate the universal sense of justice."  (Dkt. No. 4 at 1–4.)  Petitioner has also filed a motion to assign this matter to the Honorable Lauren King, who is presiding over Petitioner's federal criminal case, which involves charges of possession of child pornography.  (*See* Dkt. No. 5); Case No. 2:25-cr-00121-LK.

On November 21, 2025, Judge Tsuchida issued an R&R recommending this Court abstain from interfering in the pending state court case under the *Younger* abstention doctrine

---

[1] In the R&R, Judge Tsuchida notes that because Petitioner has not yet been convicted of the state charges he challenges, his habeas petition is construed as brought under 28 U.S.C. § 2241 rather than § 2254.  *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (if a prisoner is not in custody pursuant to a state court judgment, § 2254 does not apply and the prisoner must resort to § 2241).  Notwithstanding, Petitioner's habeas petition fails under both § 2241 and § 2254 because Petitioner does not assert his current custody is unlawful.  *See* Section IV(B) *infra*.  Instead, he appears to challenge the manner in which his criminal charges have been prosecuted and investigated.  (*E.g.*, Dkt. No. 4 at 2–3) (discussing federal prosecutorial misconduct by the U.S. Attorney and a biased investigation by Seattle police).

and dismiss the habeas petition without prejudice.  (Dkt. No. 6 at 6.)  The R&R also recommended denying the motion for reassignment (Dkt. No. 5) as moot.  Petitioner timely filed his objections on December 2.  (Dkt. No. 7.)

### III    STANDARD OF REVIEW

A district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which [an] objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Objections to an R&R must be "specific."  Fed. R. Civ. P. 72(b)(2).  "[M]ere incorporat[ion]" of arguments from the underlying motions, without identifying "what portions of the R&R" the objecting party "considers to be incorrect," does not constitute a specific objection, *Amaro v. Ryan*, 2012 WL 12702, at *1 (D. Ariz. Jan. 4, 2012), and therefore does not give rise to a court's obligation to conduct a *de novo* review, *Brandon v. Dep't of Corr.*, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021).  "In the absence of a specific objection, the [C]ourt need only satisfy itself that there is no 'clear error' on the face of the record before adopting the magistrate judge's recommendation."  *Venson v. Jackson*, 2019 WL 1531271, at *1 (S.D. Cal. April 8, 2019).  Notwithstanding, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

### IV    DISCUSSION

#### A. *Younger* Abstention

Judge Tsuchida recommends (1) dismissing Petitioner's petition for writ of habeas corpus (Dkt. No. 4) and (2) denying as moot Petitioner's motion for assignment (Dkt. No. 5).  (Dkt. No.

6 at 1.)  Petitioner's objections to the R&R are as follows: (1) the state of Washington has "made it clear there will be no progressing in this case[,]" which cuts against the first *Younger* factor that there is an "ongoing" case (Dkt. No. 7 at 2); (2) the state is not representing important state interests and is rather acting as an "agent of the federal prosecutor[,]" which cuts against the second *Younger* factor (*id.* at 4); (3) Petitioner has been barred from litigating federal constitutional issues in his state court case because he has never had counsel appear for him in state court and the court is delaying proceedings, which cuts against the third *Younger* factor (*id.* at 4–7); and (4) the state court is violating Petitioner's constitutional rights by not allowing Petitioner to litigate, which cuts against the fourth *Younger* factor (*id.* at 8–9).  In sum, Petitioner's objections seem to be primarily targeted at the speed and manner at which his state court case is progressing.  Petitioner also rehashes many of the arguments in his habeas petition, arguing prosecutors engaged in bad faith, fabricated evidence, and tampered with witnesses, which he argues should exempt his case from *Younger* abstention.  (*Id.* at 8–9.)

The Court reviews de novo Petitioner's petition for writ of habeas corpus and agrees with Judge Tsuchida that the *Younger* abstention doctrine applies.  Therefore, this Court should abstain from interfering in Petitioner's ongoing state court proceedings.

The *Younger* abstention doctrine mandates that federal courts must generally abstain from interfering in a parallel, pending state criminal proceeding.  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger v. Harris*, 401 U.S. 37, 43–54 (1971)).  This prohibition applies to petitions for writ of habeas corpus.  *See Drury v. Cox*, 457 F.2d 764, 764–765 (9th Cir. 1972) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").

The Court must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

The Court agrees with Judge Tsuchida that all four *Younger* requirements have been met in this case. First, it is indisputable that there is a state-initiated proceeding ongoing: Petitioner cites to the case number multiple times throughout both his objections and his other filings. (*See* Dkt. Nos. 4 at 1; 5 at 1; 7 at 3, 5.) Second, the proceeding implicates important state interests, because the state's interest in administering its criminal justice system "free from federal interference is one of the most powerful" considerations. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Third, Petitioner has not put forth any evidence of "procedural bars" to raising a federal claim in his state proceedings. *Commc'ns Telesystems Int'l v. Cal. Pub. Utility Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Petitioner argues there is no way for him to litigate a case "in a court that is ignoring anything related to this case and has made it clear the court will take 'no action' in this case."[2] (Dkt. No. 7 at 7.) But "when a litigant has not attempted to present his

[2] Judge Tsuchida took judicial notice that defense counsel had appeared in Petitioner's state case and that a motion to suppress had been filed. (Dkt. No. 6 at 3 n.1.) Petitioner objects, stating he has not been represented "in any court proceeding in his current state case," and that no motion to suppress has been filed. (Dkt. No. 7 at 4, 6.) This Court reviews de novo and takes judicial notice pursuant to Federal Rule of Evidence 201 of several filings in Petitioner's state criminal case because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. According to the King County Superior Court Clerk's office, (1) a notice of withdrawal and substitution of counsel was filed on December 19, 2024; (2) a notice of

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 6) AND PETITIONER'S OBJECTIONS (DKT. NO. 7) - 5

federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Petitioner has not met his burden on the third *Younger* element. *Id.* Fourth, the federal habeas petition would certainly enjoin the state court proceeding, because Petitioner "seeks relief in the dismissal of the warrant and probable cause of Washington State No. 24-1-02939-3," and "relief in dismissal with 'prejudice.'" (Dkt. No. 4 at 5.) Furthermore, Petitioner's frustration at the speed of his prosecution does not exempt his case from abstention. *See Logue v. Guyer*, CV 20-01-M-DLC-KLD, 2020 WL 1921962, at *1 (D. Mont. Apr. 21, 2020) ("[W]hile [the petitioner] may be frustrated with the speed at which his state cases are proceeding, he makes no showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'") (citation omitted); *Johnson v. Fitial*, Civil Case No. 1:09-CV-000023, 2012 WL 12542689, at *5 (D. N. Mar. I. Sept. 26, 2012) ("The federal courts should not step in to enforce state court judgments because a federal [petitioner] wants to speed up or delay state court proceedings.").

The Court also agrees with Judge Tsuchida that Petitioner has not met his burden to show bad faith, harassment, or some other extraordinary circumstance to exempt his habeas petition from *Younger* abstention. *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Petitioner reiterates that his prosecution involved fabricated evidence, changed witness statements and police reports, and withheld evidence, despite prosecutors knowing that he is innocent. (Dkt. No. 7 at 8–9.) But these conclusory arguments, without

---

withdrawal of attorney was filed on April 10, 2025; and (3) a motion to suppress was filed on June 17, 2025.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 6) AND PETITIONER'S OBJECTIONS (DKT. NO. 7) - 6

factual support, do not fit into the "narrow" exceptions to *Younger* abstention, which "may not be utilized unless" Petitioner can "allege and prove" bad faith or harassment. *Gibson v. Schmidt*, 522 F. Supp. 3d 804, 816 (D. Or. 2021) (cleaned up and citations omitted). "The bad faith exception does not come into play simply because the state might have brought a weak case against a defendant." *Id.*

**B. Independent of *Younger*, Petitioner's Habeas Petition Fails Because Petitioner Does Not Challenge His Current Detention.**

A petition for writ of habeas corpus may be filed under 28 U.S.C.§ 2254 where the petitioner alleges he "in custody pursuant to the judgment of a State Court . . . in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent a judgment of a state court, a person may not proceed under 28 U.S.C. § 2254. *White*, 370 F.3d at 1006, *rev'd on other grounds*, *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). In contrast, a petition for writ of habeas corpus may be filed under 28 U.S.C. § 2241 where a person alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." *Id*.

Here, Petitioner is being held at the Federal Detention Center. (Dkt. No. 6 at 1–2.) There is no allegation his current detention is the result of a state court judgment. Thus, the petition fails under § 2254. Similarly, because he makes no allegation that his current detention at the Federal Detention Center is in violation of the Constitution or laws or treaties of the United States, the petition fails under § 2241. At present, there is no basis to grant a writ of habeas corpus.[3]

---

[3] The Court also agrees with Judge Tsuchida's assessment that a certificate of appealability ("COA") should be denied because Petitioner has not made a "substantial showing of the denial of a constitutional right." (Dkt. No. 6 at 4–5) (citation omitted); *see also Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). There also is no basis to grant the Petition because it fails to allege his current detention is unlawful.

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 6) AND PETITIONER'S OBJECTIONS (DKT. NO. 7) - 7

**V    CONCLUSION**

The Court has reviewed Petitioner's objections (Dkt. No. 7) Judge Tsuchida's R&R (Dkt. No. 6), and the underlying record.  The Court ADOPTS the R&R in full and ORDERS:

1. Petitioner's petition for writ of habeas corpus (Dkt. No. 4) is DISMISSED without prejudice;

2. A COA is DENIED; and

3. Petitioner's motion for reassignment (Dkt. No. 5) is DENIED as moot.

The Clerk shall provide a copy of this order to Petitioner.

Dated this 23rd day of January 2026.

David G. Estudillo
United States District Judge

ORDER ON REPORT AND RECOMMENDATION (DKT. NO. 6) AND PETITIONER'S OBJECTIONS (DKT. NO. 7) - 8